JOSEPH AND JOHN C. WALLIS v. JOHN J. BEAUCHAMP.

Where papers, part of the records of the same Court, are offered in evidence, their production as such by the Clerk is sufficient *prima facie* proof of their authenticity.

It is not necessary for a party to obtain transcripts of original papers and entries in same Court, but he may introduce the originals in evidence.

It is a well established principle, that two deeds or writings, executed at the same time, between the same parties, and in reference to the same subject matter, are to be taken as parts of the same contract, and as forming one entire agreement.

Where part of the consideration of the conveyance of certain negroes was, that the vendee should pay all just debts then owing by the vendor, if not barred by the Statute of Limitations at the time said debts or demands might be presented for payment, it was held that a trust was thereby created in favor of all persons to whom the vendor was then indebted, whether the debts were then due or not, which they might enforce against the vendee, so long as they did not permit their claims to become barred by the Statute of Limitations against the vendor; and this too whether they had or had not notice of the trust at the

time it was created, at least if not in the intermediate time revoked by the vendor.

Error from Washington.

*J. Willie* and *J. Sayles,* for plaintiffs in error.

*G. W. Horton,* for defendant in error.

HEMPHILL, CH. J. The defendant in error, John J. Beauchamp, had recovered judgment on a note against Joseph Wallis, one of the plaintiffs in error, and this is a suit to enforce satisfaction of the judgment, out of some property in the hands of the other plaintiff in error, John C. Wallis, on the alleged ground of its being held in trust for the discharge of this among other debts of Joseph Wallis.

The first objection made in the progress of the cause, which is here insisted on, was as to the admission in evidence, of the petition in the original suit against Joseph Wallis, and of the note on which that suit was based and which note was found among the papers in that cause, with an indorsement of "judgment rendered October 4th, 1854," signed W. F. Jarell, D. C. W. C. The basis of the objection to the introduction of the petition was, that there was no proof that it was a paper of the Court; and second that the original papers could not be read in evidence to prove the existence of a suit. But it does not appear that either of these views can be maintained. No proof was necessary to establish the fact that the paper was one of the records of the Court. It was most probably produced by the Clerk, at the request of the party and in the immediate view of the Court, and it would have been quite superfluous to have required the testimony of the Clerk, under oath, to the fact of its being a record. If any doubt existed the defendants might have had recourse to the evidence of the

Clerk to remove or establish the doubt.   Nor is there any more soundness in the second objection, viz : that the original papers were not the best evidence.   It would be a strange, and a most inconvenient and expensive rule, for a Court to require a transcript of its own records in order to prove their existence. Necessity requires the records of other Courts to be proven by transcript.   The records themselves must remain in the proper office, and in the custody of their keeper, and transcripts or copies only can be used for their proof elsewhere.   But in the Court where the record exists, the production of the original is the best proof of its existence.   The objection to the introduction of the note was, that it was not marked filed, and that it purported to be a note on which judgment was rendered on the 4th October, 1854, whereas the judgment in the suit was on 3rd of April, 1854.   But this discrepancy is susceptible of very satisfactory explanation.   The judgment was in fact rendered on the 4th October, but should have been entered on the 3rd April, 1854.   It was a now for then judgment, entered on the 4th of October, but as if on the 3rd of April, 1854.   The note was found in the proper place of deposit, viz : with the papers of the cause, and with an indorsement, which was additional of its connection with the cause.

The next question is whether the effect and operation of the transaction between Joseph and John C. Wallis was to make the latter a trustee, and the property in his hands subject to the payment of certain debts of Joseph Wallis.   This will depend upon the proper construction of the bill of sale of Joseph and the obligation of John C., when considered together as one entire intrument.   They were executed simultaneously, and it is a well established principle, that two deeds or writings, executed at the same time, between the same parties, and in reference to the same subject matter, are to be taken as parts of the same contract and as forming one entire agreement.   (6Tex. R. 180 ; 2 Bibb, 610 ; 15 Johnson, 457 ; 4 Phillips, Ev. 1421.) The bill of sale from Joseph conveys certain slaves to John C.

Wallis, for the alleged consideration of ten thousand dollars, acknowledging that the assumpsit of certain debts therein specified formed part of the consideration, and the obligation of John C. Wallis appended to the bill of sale was, that he would support his father, the said Joseph, and his mother, that he would pay certain amounts to a brother and sister, and in addition he bound himself to pay all other just debts then owing by the said Joseph Wallis (not enumerated in the foregoing paper) if not barred by the Statute of Limitations at the time said debts or demands may be presented for payment. The writings, considered together as one instrument, amount to a conveyance of the slaves to John C. Wallis, but charged, among other things, with the payment of the debts then owing by Joseph Wallis, if presented within due time. The slaves, to the amount of the debts of the vendor, were to be held in trust for the benefit of his creditors. This trust was accepted by the vendee, and he bound himself to its performance. It may be, the trust was unknown to the creditor, in this case, at the time of its creation, yet that would not deprive him of the right to its benefits. Where a trust is created for the benefit of a third person, although without his knowledge, he may afterwards affirm it and enforce the execution of it in his favor, at least if not in the intermediate time revoked by the person who created the trust. (Story's Eq. Sec. 972 ; Pratt v. Thornton, 28 Maine, 355 ; 1 Johns. Chan. 119, 473 ; 4 Johns. Chan. 136 ; 1 Johns. Cases, 205.) There was no revocation of the trust in this case, and the property has remained charged with the payment of the debt.

It is objected, also, that this debt was not included among those for which provision was made by the obligation ; that the note was not due at the execution of the instrument. The agreement was to pay the debts owing at the time of its execution, and not those which were due or had matured at that time. A debt may be owing, although it may not be due, or the stipulated time for payment may not have arrived. Nor was the claim barred by the Statute of Limitations. It had

passed into judgment and was subsisting against the debtor Joseph Wallis. It was not obligatory on the creditor to present his claim to the trustee before suit. He was not debarred of his right of action. And the circumstances show that in this case, the right was properly exercised, for even in the present suit and after the claim was established by judgment, it is averred that the consideration for the debt wholly failed, and that the claim is not now and never was just. The presumption from such allegations is very cogent that the claim, if presented without suit, would not have been paid.

Judgment affirmed.