## SARAH HOUZE v. JOHN W. HOUZE, Ex'OR.

It is not necessary, in order to admit a will probated in another State, to record here and give it the effect contemplated by the statute, to prove by evidence *aliunde*, that it had been probated according to the laws of such other State.

The proceedings of Courts of Probate of other States are judicial proceedings, which may be authenticated under the Act of Congress.

The proceedings of a Court of record of another State, authenticated under the Act of Congress, are presumed to have been by competent authority and in conformity to the local law. And this presumption has been extended to the records of Courts of Probate.

It would be otherwise if the present were the act of a Court not of record, as Justices' Courts are held to be in most of the States.

Where the testimony on which a will is admitted to probate in another State, was copied before the certificate of authentication, and appeared to have been taken at the office of the Ordinary in vacation, it was held that it did not affect the authenticity of the copy of the will, under the Act of Congress, the certificate of the Clerk stating that it was a copy of the will as admitted to probate and record in said Court.

It is scarcely necessary to cite authorities in support of a proposition so elementary as that the original documents and records containing the proceedings in the Probate Courts of the State, when produced (in the District Court) are admissible in evidence.

Being documents of a public nature, which there may be an inconvenience in removing, and which, because they are records of a Court, the keeper thereof cannot ordinarily be required to produce, or remove into another Court, they may be proved by means of a copy duly authenticated.

This case distinguished from the case of Styles v. Gray, 10 Tex. R. 504, which has reference to the proof of deeds, by the production of the books in which they are recorded, and is to the effect, that these books are not admissible, any more than copies from them, to prove a deed, without accounting for the non-production of the original.

Appeal from Rusk.  Tried before the Hon. W. W. Morris.

Suit by appellant against appellee for property bequeathed to her by defendant's intestate, and ordered to be delivered to her by the County Court of Rusk County.  The deceased had died in Georgia, where the will was probated.  The plaintiff offered in evidence a copy of the will, certified by the Clerk of the Court of Ordinary of the county of Heard, in the State of Georgia, to contain a true copy of the last will and testament and probate thereof, of James Houze, deceased, late of the State of Texas, as the same was admitted to probate and record in said Court, "as appears in the record of wills in my office."  The "presiding officer" of the Court of Ordinary, signing himself Judge of that Court, certified the attestation of the Clerk to be in due form.  To this, the defendant objected that it was not authenticated according to the Act of Congress ; which objection was sustained.  The evidence in proof of the will appeared to have been taken before the Ordinary in vacation.

The plaintiff then offered to read original papers and records of proceedings of the County Court of Rusk county, proved to be such by the Clerk, to show that the will had been admitted to probate there, &c.  To which the defendant objected, for what cause was not stated ; and the objection was sustained.

Verdict and judgment for defendant.

*W. Stedman*, for appellant.

*M. Casey*, for appellee, argued that the copy of the will ought to have been authenticated in the manner prescribed by Act of Congress for copies of office books which are or may be kept in any public office of any State, not appertaining to a Court; which would have required an additional certificate by the Clerk as to the capacity of the Judge.  As to the other point, he cited Styles v. Gray, 10 Tex. R. 503 ; 1 Greenl'f on Ev. Sec. 484.

WHEELER, J. The authentication of the copy of the will and the probate thereof was in exact conformity to the statute. (Hart. Dig Art. 1114.) In our opinion it was not necessary, in order to admit it to record here and give it the effect contemplated by the statute, to prove by evidence *aliunde*, that it had been probated according to the laws of Georgia. It was sufficient that it appeared by the certificate of the Clerk, that it had been admitted to probate and record. The presumption must be that it had been so admitted in accordance with law.

The authentication was also in accordance with the Act of Congress providing the mode of authenticating the records of judicial proceedings. (2 L. U. S. 102.) It is held that the proceedings of Courts of Probate are judicial proceedings, which may be authenticated under the Act of Congress. (1 Greenl. Ev. Sec. 505 ; Cowen & Hill's Notes to Phil. Ev. Part 2, p. 316, n. 144.) The proceedings of a Court of record thus authenticated are presumed to have been by competent authority and in conformity to the local law. The records are evidence, not only of the acts of the Court, but of its jurisdiction. And this presumption has been extended to the records of Courts of Probate. It has been accordingly held that it is not necessary to make proof of the statute authority, or local law which conferred on the Court its authority to act. (Id. n. 41, and cases cited.)

The general principle is not controverted ; but it is supposed to be inapplicable to the present case, because it appears that the evidence probating the will was taken before the Judge of the Court of Ordinary in vacation. It further appears, however, by the certificate of the Clerk of the Court, that the will was "admitted to probate and record in said Court;" from which it must be taken that it was so admitted by the act of the Court ; though the evidence upon which the Court acted was taken before the Judge in vacation. The presumption must be that it was so taken in accordance with law. It would be otherwise if the present were the act of a Court, not of re-

Houze v. Houze.

cord, as Justices' Courts are held to be in most of the States. Then, as it could not be authenticated under the Act of Congress, and we have no judicial knowledge of the statute and local law of the State of Georgia, in order to show what faith and credit should be given to the judgment in this State, it would be essential to produce and prove the statute or local law by which the jurisdiction and powers of the Court were conferred. (Beal v. Smith, 14 Tex. R. 305.) But as the Court of Ordinary in Georgia appears to be a Court of record, that was not necessary in this case.

It is scarcely necessary to cite authorities in support of a proposition so elementary, as that the original documents and records containing the proceedings in the Probate Courts of the State, when produced, are admissible in evidence. Being documents of a nature, which there may be an inconvenience in removing, and which, because they are records of a Court, the keeper thereof cannot ordinarily be required to produce, or remove into another Court, they may be proved by means of a copy duly authenticated. But when the originals are actually produced, they undoubtedly are admissible as evidence, and are the best evidence of their contents. An original supposes no better evidence in existence. The case cited in support of the ruling of the Court excluding the evidence, (Styles v. Gray, 10 Tex. R. 504—5,) has reference to the proof of deeds, by the production of the books in which they are recorded ; and is to the effect that these books are not admissible any more than the copies from them, to prove a deed, without accounting for the non-production of the original. To admit either, it would be necessary to account for the absence of the original, as provided in Article 745 of the Digest ; or by other proof of its destruction or loss. (11 Tex. R. 235.) But the proof of an original deed by a copy is very different from the proof of the proceedings and judgments of a Court by the originals themselves.

We are of opinion that the Court erred in its rulings, ap-

pearing by the bill of exceptions, in excluding the evidence proposed by the plaintiff; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.