## A. B. HARDIN vs. B. J. BLACKSHEAR.

SUPREME COURT, TYLER TERM, 1883.

*Resc'ssion of deed—Sufficiency of petition for.*—See this cause for averments held sufficient in petition for rescission of deed.

*Jury fee.*—Failure to pay the jury fee should deprive the party the privilege of a jury trial, but in such matters the trial judge is allowed some discretion, and where no injury is wrought by the exercise of this discretion, such action of the court will not be disturbed.

*Original court records—Not proof outside of county.*—The original papers in a suit in one county are not evidence in a suit in another county. Necessity requires the records of other courts to be proved by transcripts. The records themselves must remain in the custody of their keeper, and transcripts, or copies only, can be used for their proof elsewhere.

Appeal from Anderson County.

*Greenwood & Gooch* for appellant.

*R. A. Reeves* for appellee.

STATEMENT.

This suit was instituted in the district court of Anderson county, on the 10th day of April, 1883, by Mrs. B. J. Blackshear vs. A. B. Hardin, for the purpose of procuring a decree to rescind a deed of conveyance made by said B. J. Blackshear to said A. B. Hardin, on the 25th day of January, 1882, conveying to said Hardin a house and land in the city of Palestine known as the B. Graham place. Said appellee in her petition avers that appellant entered into with J. S. Witherspoon and B. A. Witherspoon, her brothers, a trade and con-

tract of sale of a certain large and valuable stock of dry goods,groceries, notes and accounts, situated in the town of Jewett, Leon Co., Tex. That on said day appellee, desiring to aid and assist her said brothers in purchasing said property, and without any other consideration, signed and delivered the deed of conveyance to J. S. Witherspoon, conveying to appellant said property. That appellee signed the deed in the presence of witnessess, and delivered it to J. S. Witherspoon, to be used by him and the said B. A. Witherspoon as a part of the purchase price of said stock of goods, etc., and was to be delivered to appellant on the completion of said sale and the delivery of said goods, etc., to her said brothers. That afterwards, to-wit,on the 27th day of January,1882,before the delivery of said goods etc., but after all terms, etc., as to said sale had been settled and arranged, the appellant, under the false and fraudulent pretense and representation that he wished to examine said deed, and would return it, obtained the possession thereof from said J. S. Witherspoon, and without authority and in violation of his agreement under which he obtained the possession thereof, caused and procured the said deed to be recorded on the 28th day of January, 1882, by the clerk, of the county court of Anderson county, and refused to return the deed to appellee, or her brother, J. S. Witherspoon. That afterwards appellant failed and refused to deliver to said J. S. and B. A. Witherspoon said stock of goods, etc., whereby the sole consideration for which arpellee signed said deed failed, and said deed should be set aside and held for naught. That the false and fraudulent manner in which appellant procured the possession and record of said deed does not constitute a delivery and execution of said deed by appellee, and is a fraud upon her rights. Wherefore said deed should be set aside and held for naught, and prays for a recision of said deed, and for costs, etc.

To this petition appellant filed his answer on the 24th day of April, A. D. 1883 : First, setting up a general exception. Second, four special exceptions. Third, a general denial, and especially denying that said property was conveyed to appellant as part of purchase price for a stock of goods, etc., and averring that said deed was delivered to appellee in part satisfaction of a pre-existing indebtedness of J. S. Witherspoon.

The general and special exceptions of appellant to the petition of appellee were overruled.

The cause was tried on the issues of fact. The verdict of the jury and judgment of the court were for appellee.

The appellant filed a motion for a new trial, which was overruled by the court, and he gave notice of appeal.

Opinion by West, J.

The facts alleged constitute a good cause of action, and the court did not err in overruling the general demurrer and special exceptions to the original petition. Nor did the court err under the facts presented, in declining to strike the case from the jury docket. The failure to pay the jury fee at once, as should always be done, makes it the duty of the court to decline to grant the party the privilege of a jury for the trial of his case. Rev. Stats. Art. 3066. But there must be in this as in many other like cases of practice arising in the progress of a trial, some discretion allowed the district court in disposing of such matters. Where, as in this case, the ruling of the court in this respect worked no injury to the party complaining, and appears to have been, under the circumstances, a proper exercise of that discretion, the action of the court will not be disturbed. Neither did the court err in excluding that part of the evidence of the witness, J. S. Witherspoon, to which an objection was interposed. It is not claimed that in was offered for the purpose of contradicting the witness, and even for that purpose its admissability would have been doubtful, and so far as it was sought by it in any way whatever to effect of the right the appellee to the property in suit it was immaterial and irrevolent. Nor were the original papers of the district court of Leon county in the suit there pending of the Witherspoon brothers against the appellant, admissable in evidence in this suit as against the appellee.

She could not be bound or conclude by anything said or done in that suit by any of the parties as she was a stranger to it.

The record does not explain how or in what manner the original papers and records of the district court of Leon county came to be produced and offered in evidence in the district court of Anderson county. The clerk of the district court of Leon county is the proper and lawful custodian of these records. There is no pretense that he was present in court, or had them in his official custody when they were offered in evidence. Where the original papers in a judicial proceeding sought to be introduced, are a part of the official records

of the court where the case is being tried, or are brought into open court from the county court of the same county, in the custody of the clerk of that court, it has been held under such circumstances, such original papers are admissable in evidence. Wallis vs. Beuchamp 15 Tex. 305. House vs. House 16 Tex. 601. In this connection see also Styles vs. Grey 10 Tex. 501. Where however, the supposed original papers of other and distant courts of record of this State are found in the hands of private individuals, and from this source are offered in evidence a different question is presented. "Necessity," says C. H. Hemphill, "requires the records of other courts to be proved by transcript. The records themselves must remain in the proper office and in the custody of their keeper, and transcript, or copies only, can be used for their proof elsewhere." 15 Tex. 305.

There is no error in the judgment and it is affirmed.