### THE BANK OF CALIFORNIA v. JOHN F. MARSHALL.

#### No. 592.

1. **Acceptance of Assignment.**—When the trustee named in a deed of trust executed by insolvent debtors accepts the trust, in absence of a repudiation by the beneficiaries the acceptance will enure to their benefit.

2. **Assignment Held Not Fraudulent.**—Insolvent wholesale merchants made an assignment, preferring certain creditors, of all their property to a trustee, who was empowered to sell in ordinary course of trade, and at expiration of three months could be forced to sell at auction the residue on demand of a majority of the preferred creditors. The preferred creditors held claims largely in excess of the value of the goods so conveyed. Other creditors, by attachment, contested the validity of the assignment. *Held*, that the fact that the trustee could sell in the usual course of trade does not operate as a fraud upon the creditors not preferred; as it is apparent that a prompt disposition of all the goods would not have satisfied the preferred creditors.

APPEAL from McLennan. Tried below before Hon. L. W. GOODRICH.

This was a proceeding under the statute to try the right of property to certain goods, wares, and merchandise, levied on under an attachment sued out by the Bank of California, as plaintiff, against Eaton, Guinan & Co., from the District Court of McLennan County. Property was regularly levied on under the attachment, and John F. Marshall filed affidavit claiming the property, and gave bond to try the right to the same under the statute.

The case was tried by the court upon an agreed statement of facts, on the 11th day of November, 1891, and there was judgment for the defendant, claimant Marshall, from which judgment the plaintiff appealed.

The following is a written agreement, signed by the attorneys of the respective parties to this suit, stating the facts of this case, and the facts of seven others, which we adopt as the findings of fact in this cause:

The following written agreement, signed by the attorneys of the respective parties, was offered in evidence:

"*Suits in the District Court of McLennan County.*—No. 5002, Sweet Springs Milling Company v. John F. Marshall; No. 5003, Steinwender, Stoffregen & Co. v. John F. Marshall; No. 5004, The Bank of California v. John F. Marshall; No. 5005, The Fairbanks Canning Company v. John F. Marshall; No. 5006, Wm. Numsen & Sons v. John F. Marshall; No. 5007, Wm. Numsen & Sons v. John F. Marshall; No. 5008, Price & Lucas v. John F. Marshall; No. 5009, Church & Co. v. John F. Marshall.

" In order to facilitate a trial, we, plaintiffs and defendants in the above suits, agree to the following facts, upon which each of the above. causes shall be submitted to the court:

" 1. It is agreed that each of the plaintiffs was a creditor of the firm of Eaton, Guinan & Co. at and before the execution and delivery of the deed of trust to John F. Marshall, herein after named, in the several sums herein after set forth, for which judgments were rendered.

" 2. That by attachments duly and regularly sued out and issued from the District Court of McLennan in suits by said several plaintiffs on their several debts against Eaton, Guinan & Co., the goods and property described in the several claimants' bonds were seized, and were, on the affidavits and bonds in the record, delivered by the sheriff to John F. Marshall, claimant; that said goods were a part of and included in the same conveyance to said Marshall by said deed of trust, and were of the values recited as the assessed values in said several bonds of claimants.

" 3. That the property conveyed by the said Eaton, Guinan & Co. to said John F. Marshall, trustee, and levied on by plaintiffs, was up to the time of execution and delivery of said deed of trust a stock of merchandise held and being disposed of by them as wholesale and jobbing merchants in Waco, Texas.

"4. That said Eaton, Guinan & Co., and each and all the members of said firm, were at the time of the execution and delivery of said deed of trust wholly insolvent, and had no other property out of which plaintiffs could make their debts.

"5. That said Eaton, Guinan & Co. were still and are so indebted to the several plaintiffs in the amounts of the judgments rendered in said several attachment suits against them, wherein said property was claimed by said Marshall, as follows:

"(1) Steinwender, Stoffregen & Co., judgment June 14, 1889, $4564.80 and 8 per cent per annum thereon from date.

"(2) Bank of California, judgment for $6784.56, June 10, 1889, with interest at 8 per cent per annum from date.

"(3) Fairbanks Canning Company, judgment for $1092.54, June 3, 1889, interest at 8 per cent per annum from this date.

"(4) Wm. Numsen & Sons, judgment in No. 4859 for $1747.60 and 8 per cent per annum from date, dated June 10, 1889.

"(5) Wm. Numsen & Sons, judgment in No. 4868 for $807.74 and 8 per cent per annum from date, June 3, 1889.

"(6) Price & Lucas, judgment for $875.16 on June 3, 1889, with 8 per cent per annum from date.

"(7) Church & Co., judgment for $974.03, October 11, 1889, interest at 8 per cent per annum from date.

"(8) Sweet Springs Milling Company, judgment for $1558 on June 3, 1889, interest at 10 per cent per annum from date, which is entitled to a credit of $437.85 on date of judgment.

"In all which cases there was judgment for costs, which it is agreed shall be shown by the fee books, except in last case, in which costs were paid.

"It is admitted that in each of these cases judgment was rendered foreclosing plaintiff's attachment lien on the property levied on, subject to the claim of said John F. Marshall.

"6. It is agreed that the deed of trust, a copy of which is hereto attached, was executed and delivered to said John F. Marshall, and that possession of the property was delivered to him at the time of said delivery of the deed, which was immediately registered properly as a chattel mortgage, and that he was so in possession when the bonds of the several plaintiffs were made, and that he claims the title and possession of said property only by virtue of said conveyance.

"It is further agreed that the writs of attachment of several plaintiffs were sued out at the time and for the amounts and levied as alleged in plaintiff's tender of issues.

"8. It is admitted and agreed that said Eaton, Guinan & Co. were, at and before the execution of the deed of trust by them to John F. Marshall, indebted to the several creditors therein named in the amounts

therein recited, but this is without prejudice to the right of plaintiffs to assail the validity of said debts in any other suit."

"*The State of Texas, McLennan County.*—Know all men by these presents, that we, John C. Eaton, Michael Guinan, and Walter A. Malin, of the city of Waco, McLennan County, State of Texas, are merchants and partners, engaged in the wholesale grocery and provision trade in said city, under the firm name Eaton, Guinan & Co.; and said Walter A. Malin has always used in connection with said business the name of his wife, N. Malin, by reason of the first money put in as share in the capital stock of said firm being her separate means; but by sales and investments of the proceeds of the commodities first purchased said interest or right of property in said firm has become and now is the community property of said Walter A. Malin and N. Malin, said share being the share of said Malin.

"And we, John C. Eaton, Michael Guinan, and Walter A. Malin, composing said partnership or firm of Eaton, Guinan & Co., for and in consideration of one dollar to us in hand paid, and for the further considerations herein after stated, have bargained, sold, transferred, and conveyed and delivered, and do by these presents sell, transfer, convey, and deliver to John F. Marshall, of the city of Waco, McLennan County, Texas, all our goods, wares, merchandise, and commodities which usually constitute a stock of wholesale groceries, and everything now constituting our stock in trade of every kind which are in the store house or place of business now occupied by us, situated on South Fourth Street in said city of Waco, and all our office furniture, safe, show-cases, scales for weighing, and everything or implement used by us in connection with said business, which are in said store house; also one candy works or plant, and all tools, apparatus, and implements connected therewith which are now in said store house; and all fireworks and commodities in store in a barn situated on the lots occupied by John C. Eaton as a homestead in said city.

" But this conveyance in sale is made to said John F. Marshall in trust and for the purposes following, viz.: We are indebted as partners aforesaid to the corporations, firms, and persons in the manner and by the means shown herein after, and are desirous of securing payment to them of all we so owe them. The corporations, firms, and persons, and the amounts we so owe, and the evidence of said indebtedness, and the residences of our said creditors, is here stated:

" To Waco State Bank of said Waco, Texas, by our notes, as follows, made payable to said bank: One note dated August 25, 1888, due on demand. for $6500; one note dated December 20, 1887, due at ninety days, for $4250; one note dated November 2, 1888, due at sixty days, for $855; one note for $2024.71, dated October 22, 1888, at thirty days; one

note dated October 20, 1888, and due at one month, for $7500; and each bearing interest at 12 per cent per annum after date.

"To J. K. Armsby Company, of San Francisco, California, by our acceptances in their favor, as follows: One acceptance dated third day of November, 1888, at sixty days, for $1672; one acceptance dated first of October, 1888, at sixty days, for $575; one acceptance dated October 25, 1888, at sixty days, for $1650.

"To Niggerman & Sayres, of St. Louis, Missouri, the following acceptances by us in their favor: One dated November 8, 1888, at sixty days, for $1164.15; one dated October 10, 1888, at sixty days, for $1313.

"To N. K. Fairbanks & Co., of St. Louis, Missouri, by our note to them dated November 10, 1888, due at thirty days after date, for $1883.36; one open account dated August 7, 1888, due at four months, for $1443.75.

"To Kehler Bros., of St. Louis, Missouri, by our acceptances in their favor, one dated November 10, 1888, due at thirty days, for $1545; one dated November 15, 1888, at thirty days, for $940; one dated November 27, 1888, at seven days, for $2450.60.

"To Kellum & Rotan, of Waco, Texas, by our note dated November 6, 1888, due on 6th day of December, 1888, for $622; another note dated 6th day of November, 1888, for $1000, due December 15, 1888; by open account for $90.

"To Waco Lumber Company, of Waco, Texas, one note dated October 5, 1888, due at sixty days, $82; one note dated November 8, 1888, due at thirty days, for $71.60; open account for $150.

"To Sanger Bros., of Waco, Texas, by our note of date November 26, 1888, due at thirty days from date, for $1260.

"To John W. Mann, of Waco, Texas, by our note dated November 15, 1888, due at three months from date, for $1222.50, with 12 per cent interest from date.

"To Parker, Hart & Co., by account, for $297.

"To T. D. Clark, of San Francisco, California, by note made by us, date November 1, 1888, for $1000, due at ninety days from date.

"All above notes and acceptances are signed by our said firm, Eaton, Guinan & Co., and all of said accounts and all indebtedness above named are owing by said firm or partnership. And said Mrs. Malin, wife of Walter A. Malin, for the purposes and considerations, uses, and trusts stated above, joins in this conveyance, and does hereby convey to John F. Marshall all her right, title, and interest in all of said property stated above, in the same manner and to the same extent as the said Eaton, Guinan, and Walter A. Malin have done hereby.

"Said John F. Marshall is to take immediate possession of the property and effects hereby conveyed, and sell a sufficiency thereof in the usual course of trade for cash to pay off all said debts herein before stated, after reserving to said John F. Marshall 2½ per cent commission on the amount

realized by such sales, and also a sufficiency to pay all expenses of sale and executing this trust, and the rent of store house; and after having sold a sufficiency to pay off said debts, commissions, expenses, and rent, not exceeding $150 per month, of store house during the time occupied by him and in which said property is kept, and while making said sale, then the remainder of said property and effects are to be returned to us, and this conveyance or instrument is to be of no further effect. And if upon the expiration of three months from this date a sufficiency be not sold for the purposes aforesaid, said John F. Marshall shall, after being so requested to do by writing, signed by a majority in interest of said creditors, advertise said property and effects for sale at auction for cash at such place as he may select in the city of Waco. Said advertisement shall be printed, and shall state the time, place, and terms of sale, and one shall be posted at the court house door of said county of McLennan, and at two other and different public places in said county, for ten days previous to said sale; and shall sell only a sufficiency to realize such deficit as there may be for the payments, commissions, and expenses aforesaid, and rent. And then the remainder of said property and effects is to be returned to us, and this instrument is to be of no further effect and null and void when all before stated is paid. And in case said trustee, John F. Marshall, may become unable or unwilling to execute this trust, a majority of our said creditors in interest may, by a proper writing by them signed, appoint some other competent and suitable person to execute the same, with the same powers and limitations herein given to said John F. Marshall.''

This deed of trust was properly signed and acknowledged by the members of the firm of Eaton, Guinan & Co., December 1, 1888, and was properly and duly recorded.

We also find that the total value of the goods levied upon in the several suits mentioned in the agreement of the parties to be the sum of $22,136.29, as shown by the estimate of the officer levying the writs of attachment.

That $44,911.67 is the total amount of the debts secured by the deed of trust.

[This statement accompanied the opinion.]

*L. C. Alexander*, for appellant.—Eaton, Guinan & Co. having made a deed of trust, to secure certain preferred creditors named therein, to the claimant John F. Marshall, on a stock of goods, and said firm and its members being at the time of the execution of said deed wholly insolvent, and having no other property out of which plaintiffs could make their debts, and said deed of trust providing that said Marshall should sell said goods in the usual course of trade for three months, and until requested in writing by a majority in interest of the creditors secured by the deed

of trust, and it not appearing that said creditors or any of them ever accepted said deed of trust, the same was void, because in connection with the uncontroverted facts the effect of the same was to hinder, delay, and defraud their creditors.   Rev. Stats., art. 2465; Gallagher v. Goldfrank, 75 Texas, 562; Gregg v. Cleveland, 82 Texas, 187; Brown v. Hedge Co., 64 Texas, 400; Baldwin v. Peet, 22 Texas, 710; Bailey & Pond v. Tindall, 59 Texas, 540; 2 Pome. Eq., sec. 749, note 1; Bump. on Fraud. Con., 483; Wait on Fraud. Con., sec. 223.

*W. W. Evans, Clark & Bolinger*, and *John L. Dyer*, for appellee.—1. Eaton, Guinan & Co., being bona fide indebted to the persons and firms named in the deed of trust, and intending thereby to secure such creditors in the payment of their debts, had the legal right to secure them by said deed of trust, and this irrespective of the question of the solvency or insolvency of said Eaton, Guinan & Co. at the time of executing said deed of trust.   Wagon Works v. Tidball, 59 Texas, 292; Stiles v. Hill, Fontaine & Co., 62 Texas, 429; Jackson v. Harby, 65 Texas, 713; Watterman v. Silberberg, 67 Texas, 101; Haas v. Kraus, 75 Texas, 109; Hudson v. Milling Co., 79 Texas, 404.

2. The provision in the deed of trust conferring the power on the trustee to sell a sufficient amount of the goods in the usual course of trade, for cash, to pay the secured indebtedness, when it is conceded to be a wholesale stock, and when a limit for three months for a sale in such manner is provided for, does not make the deed on its face, and from this circumstance alone, fraudulent as to creditors.   Jackson v. Harby, 65 Texas, 714; Haas v. Kraus, 75 Texas, 108.

3. Where a deed of trust secures a conceded valid debt to a creditor or creditors, the fact that a discretionary power is conferred on the trustee by the terms of the instrument as to a sale of the property can not have the effect to delay and hinder other creditors, for the reason the property conveyed is subject to legal process, notwithstanding the deed of trust, upon paying off such bona fide debts secured, and there can be imputed to such transaction no claim that it delays and hinders creditors. In such cases, if the value of the property is greater than the secured debt, and if such secured debt is bona fide, then the property in the hands of the trustee is subject to legal process at once, subject only to the first lien holder's rights.   Rev. Stats., arts., 2292, 2296; Stiles v. Hill, Fontaine & Co., 62 Texas, 430; Jackson v. Harby, 65 Texas, 715.

4. Possession of the property named in the deed of trust from Eaton, Guinan & Co. to John F. Marshall having been taken by said Marshall, for the purpose of paying conceded valid and bona fide claims of said Eaton, Guinan & Co., constituted a pledge of said property in Marshall's hands for the payment of the debts named in the deed of trust, and therefore said property was not subject to be taken from Marshall's possession

on plaintiff's attachment without the payment of said debts for which said property stood pledged. Rev. Stats., arts. 2292, 2296; Osborn v. Koenigheim, 57 Texas, 91; Hudson v. Wilkinson, 61 Texas, 609; Sanger Bros. v. Henderson, ante, 412.

FISHER, CHIEF JUSTICE.—The appellant has a single assignment of error, which is as follows:

"The court erred in holding that the property in issue, and claimed by the defendant in this case, was not subject to plaintiffs' writ of attachment, and in rendering judgment for the defendant; because it appears. from the agreed case, that the plaintiffs were creditors of Eaton, Guinan & Co., who made the deed of trust to Marshall, under which he claims, before the execution and delivery of the deed of trust by them to him; that the property was seized under an attachment regularly sued out and issued upon plaintiffs' debt, being a stock of merchandise theretofore held by said Eaton, Guinan & Co., and being disposed of by them as wholesale and jobbing merchants; that the firm of Eaton, Guinan & Co., and each and all the members thereof, were, at the time of making said deed of trust, wholly insolvent, and had no other property than that levied upon; that said debt and judgment rendered thereon is still in full force and effect; that the deed of trust exhibited with the agreement, together with the property, was delivered to the trustee, and the deed was immediately registered as a chattel mortgage; and it appearing from the deed of trust that the trustee was authorized to sell the merchandise so conveyed in the usual course of trade to pay off the debts scheduled therein, provided that if at the expiration of three months a sufficiency of the property was not sold to pay the debts, that the trustee, after having been requested by a majority in interest of the secured creditors, might advertise said property and effects for sale at auction; it appearing also that the most of said debts were already due, and it not appearing that any of the creditors named have accepted said deed."

Under this assignment, appellant makes the proposition, "that as Eaton, Guinan & Co., having made a deed of trust, to secure certain preferred creditors named therein, to the claimant, John F. Marshall, on a stock of goods, wares, and merchandise, and said firm and its members being at the time of the execution and delivery of said deed wholly insolvent, and having no other property out of which plaintiffs could make their debts, and said deed of trust providing that said Marshall should sell said goods in the usual course of trade for three months, and until requested in writing by a majority in interest of the creditors secured by the deed of trust, and it not appearing that said creditors or any of them ever accepted said deed of trust, the same was void, because, in connection with the uncontroverted facts, the effect of the same was to hinder, delay, and defraud their creditors."

It is apparent that John F. Marshall, the trustee, accepted the terms of the trust, and in the absence of a repudiation of its terms by the beneficiaries, his acceptance will enure to their benefit. Bew. on Assign., 5 ed., 400, 401, 402; 1 Jones on Mort., 4 ed., sec. 88; Wallis v. Beauchamp, 15 Texas, 305.

The main question in the case presented by appellant is, that as the deed of trust requires the trustee to sell the merchandise in the usual course of trade, its effect is to hinder, delay, and defraud other creditors, and for this reason the instrument, upon its face, should be held void, taken in connection with the fact that Eaton, Guinan & Co. were insolvent at the time of its execution.

It is a well established principle of law that a debtor in failing circumstances may secure and prefer a bona fide debt of his creditors, although the effect of such preference would be to hinder and delay other creditors. The limitation imposed by law upon this right prevents the debtor from transferring to the creditor more property than is reasonably sufficient to satisfy the debt, and denies the creditor the right to give the debtor a moneyed consideration for the property in addition to his debt. In such cases, and in others that may be mentioned, the effect of such transactions would be to give the creditor the right to control and dispose of property not necessary to the payment of his debt, and to place the debtor in a position to hinder, delay, and defraud his creditors.

The court can not determine from the face of the instrument that it will have the effect of defrauding other creditors. That can only be ascertained from the facts of the case.

If it be true that the debtor has transferred to the trustee all of his property for the benefit of the preferred creditors, and the property is less in value than the debts secured, and the instrument permits a sale in due course of trade or otherwise, we fail to see how such fact is calculated to hinder and delay and defraud other creditors. It is true that the effect of such a transaction would be to hinder and delay, and possibly defeat, the claims of the unsecured creditors; but this is successfully answered by the law permitting an insolvent debtor to prefer a creditor when no advantage or benefit results to the debtor by such transaction, or the creditor gets no more than his debt.

In appellant's assignment of error it is admitted that "Eaton, Guinan & Co., and each and all the members thereof, were at the time of making said deed of trust wholly insolvent, and had no other property than that levied upon."

It is seen from the facts that the value of the property as levied upon by the writs of attachment in the several cases mentioned in the findings of fact is much less than the amount of the debts secured by the terms of the deed of trust. Under the facts, we do not see how the fact that the trustee can sell in the usual course of trade operates as a fraud upon the

appellant, as it is apparent that a disposition of all of the goods is not sufficient to satisfy the claims of the preferred creditors.

We find no error in the record, and affirm the judgment of the court below.

*Affirmed.*

Delivered December 14, 1892.

Motion for rehearing refused.