P. J. WILLIS & BRO. v. A. W. NICHOLS ET AL.

No. 404.

1. **Witnesses Under the Rule in Civil Cases.**—The necessity of placing witnesses under the rule is usually for the exercise of the sound discretion of the trial court, and unless such discretion is apparently abused it will not be revised on appeal. Especially this rule would obtain when application was made to place some of several defendants called to testify under the rule.

2. **Originals of Justice Court Records.**—Original entries in a justice docket are competent evidence in the District Court, when relevant; e. g., a judgment entry under which land was sold, title to which was in litigation.

3. **Judgment and Foreclosure — Sheriff's Sale.** — A judgment in a Justice Court, and an order foreclosing a lien upon personal property, will sustain a levy and sale of real estate; it being shown that the personal property could not be found, and that the defendant had pointed out the land as a levy.

4. **Imperfect Description in Sheriff's Deed.**—A sheriff's deed was admitted, although the description was imperfect. This was held not to be error; (1) because it was competent as a fact upon the issue of fraud in a deed subsequently made for the land by the defendant in execution to the plaintiff; and (2) because the defendant in execution had pointed out the land, saying he wished the plaintiff to have it. This added the quality of a voluntary sale to that made by the sheriff.

5. **Judgment Lien—Indexing Necessary.**—The firm name of plaintiffs in the index of a record of an abstract of a judgment is not a compliance with the statute requiring that the index " shall show the name of each plaintiff and of each defendant in the judgment." *P. J. Willis & Bro.* does not show the names of the members of the firm. Gullett Gin Co. v. Oliver, 78 Texas, 182.

6. **Pleading and Practice.**—Action in trespass to try title. The petition described the land and set out the chain of title, attacking a deed from the *common source* as made in fraud of creditors, asking its cancellation. Defendants alleged that the land was not owned by said common source at time of the sheriff sale under which the plaintiffs claimed, was not subject to plaintiffs' execution, and that the sheriff's levy and sale and the assertion of title by plaintiffs was a cloud upon their (defendants') title; asking that the sale and deed be cancelled, etc. *Held*, that a decree cancelling the sheriff's deed, and removing cloud, etc., was warranted under the pleadings.

APPEAL from Travis. Tried below before Hon. JAMES H. ROBERTSON.

*R. C. Walker*, for appellants.—1. The plaintiff may demand that the witnesses and the defendants be placed under the rule, and is entitled on such demand to the enforcement of the rule; and no affidavit stating that the ends of justice require it or written motion is required. All that is necessary for the plaintiff to do in order to avail himself of the rule is to make an oral request of the court. Rev. Stats., art. 2216; Watts v. Holland, 56·Texas, 54; 1 Greenl. on Ev., sec. 432, and notes 1, 2; 1 Whart. on Ev., secs. 489, 491; 2 Phill. on Ev., 395; 2 Best on Ev., sec. 636; Tayl. on Ev., secs. 1400, 1401.

2. The record books of one court are incompetent and inadmissible as

evidence in another court, and the only way to prove their contents is by certified copies. Styles v. Gray, 10 Texas, 503; Lasher v. The State, 17 S. W. Rep., 1064.

3. A judgment foreclosing a lien on personal property and ordering it sold will not support an execution on which the sale of real estate can be made. Rev. Stats., art. 2281, sec. 3.

4. The levy, notice of sale, and return on an execution are void for uncertainty when they show that an undesignated part of a larger survey is levied on. Donnebaum v. Tinsley, 54 Texas, 362; Wooters v. Arledge, 54 Texas, 395; Mitchell v. Ireland, 54 Texas, 306; Norris v. Hunt, 51 Texas, 609; Allday v. Whitaker, 66 Texas, 669.

5. To entitle the defendant to affirmative relief on his cross-action, his pleadings must be such, without reference to the pleadings of plaintiff, as would entitle him to recover in an independent suit. Rev. Stats., art. 1335; Hoodless v. Winters, 80 Texas, 638.

*Corwin & Shaw*, for appellees.— 1. There was no error in overruling plaintiff's motion to place Corwin or Nichols "under the rule;" because:

(1) A motion to place a witness "under the rule" in the District Court in civil cases must be in writing, and duly presented before the commencement of the trial of the cause upon its merits. Rules 21, 24, 69, Dist. Ct.; Houston v. Jones, 4 Texas, 170.

(2) The granting and enforcement of such motion in civil cases of ordinary issues is a power to be exercised in the discretion of the trial judge. 1 Greenl. on Ev., 432; Cavasos v. Gonzales, 33 Texas, 133; 3 Willson's C. C., sec. 6; Rapalje on Witnesses, sec. 237.

(3) Parties to the suit on trial are not subject to be placed "under the rule." The said Corwin and Nichols were parties defendant, made and treated so by plaintiff. Plaintiff had taken their depositions as defendants on ex parte interrogatories, and commission executed without notice, and used said depositions on the trial. Rapalje on Witnesses, 394, sec. 237.

2. "It is scarcely necessary to cite authorities in support of a proposition so elementary, as that the original records of a court of this State, when actually produced, are admissible in evidence. An original supposes no better evidence in existence." Houze v. Houze, 16 Texas, 601; Wallis v. Beauchamp, 15 Texas, 307; Hardin v. Blackshear, 60 Texas, 134; Williams v. The State, 69 Texas, 373.

3. A judgment, definite as to date, names of parties, and amount, and concluding, "for all of which execution may issue," will support a sale of land made by virtue of an execution issued thereon, notwithstanding the judgment contains this recital, "And it further appearing to the court that this title to one $3\frac{1}{2}$ gear does not pass to the defendant, and

that said wagon be taken and sold to satisfy the demands of the plaintiffs." The recital is ambiguous surplusage; but even if it were a plain foreclosure of a lien on a wagon, as contended for by plaintiff, it would authorize the issuance of an order of sale having the effect and force of an execution. Rev. Stats., arts. 1340, 2281; Pierson v. Hammond, 22 Texas, 585.

4. The strict rule of construction enunciated in Norris v. Hunt and cases following it, as applied to description of land levied upon and sold under execution, in invitum the defendant therein, should not obtain in cases in which it appears the levy and sale were not made in invitum the defendant, but at his request and with his consent. In cases of the latter kind the same liberal rule of construction and intendment as to description of land obtains as in conveyances of land voluntarily made. Wilson v. Smith, 50 Texas, 370; Blackburn v. McDonald, 1 Posey U. C., 358.

5. An abstract of a judgment for a plaintiff firm, record of which to create a lien on land, must state the names of the individuals composing such firm, and the index to such record must also state the names of such individuals. Rev. Stats., arts. 3155, 3157–3159; Anthony v. Taylor, 68 Texas, 405; Gin Co. v. Oliver & Grigsby, 78 Texas, 184.

COLLARD, ASSOCIATE JUSTICE.—Suit by plaintiffs in error, in form of trespass to try title, against defendants in error, A. W. Nichols, Joe Young, Riley Spence, and Dennis Corwin, to recover 1200 acres of land, part of the J. L. Bray one-third of a league, in Travis County, described in the petition, and for damages. The petition also alleges, that defendant Dennis Corwin was, on the 25th day of January, 1887, insolvent, and was indebted to plaintiffs; and on said date, being the owner, to defraud plaintiffs and others of his creditors, conveyed the land in controversy to defendant A. W. Nichols, by deed of such date, and that the conveyance was without valuable consideration. That plaintiffs hold title to the land by virtue of judgment, execution, levy, and sale. Prayer for cancellation of the conveyance to A. W. Nichols, for title and possession, and damages.

Defendants answered by demurrer, general denial, limitation of three and five years, and plea in reconvention, upon the ground that Corwin had no interest in the land at the time of the levy and sale, and that it was not subject to his debts, facts alleged to be then well known to plaintiffs. Defendants prayed to be quieted in their possession, and for cancellation of plaintiffs' deed, etc.

A jury was waived, and the trial resulted in a judgment, on May 25, 1891, in favor of all the defendants, and for costs, and for Nichols for the land, cancelling plaintiffs' deed under sheriff's sale, of date November 5, 1890. Plaintiffs have appealed.

*Opinion.*—The judgment set up by plaintiffs was rendered in Galveston County, in their favor, against Dennis Corwin, on the 8th of December, 1884, and the sheriff's deed to them was dated November 5, 1890.

After plaintiffs had offered in evidence their judgment against Corwin, executions, recorded abstract of judgment, and deed by the sheriff under the execution sale, for the consideration of $35, they made an oral motion asking the court to put the witnesses for plaintiff, Dennis Corwin and A. W. Nichols, defendants, under the rule; which motion was overruled, because they were parties defendant, and because no affidavit was made in support of the motion that the ends of justice required the witnesses to be placed under the rule, this having heretofore been the practice in the county. Plaintiffs excepted to the ruling, and now assign it as error.

The necessity of placing the witnesses under the rule is usually a matter for the exercise of the sound discretion of the trial court, and unless such discretion is apparently abused, it will not be revised on appeal. 1 Greenl. on Ev., sec. 432.

In this case, the rule was invoked only as to two of the parties defendant. In such case, at least, we think the action of the court should not be revised, unless it be made to appear that the trial judge abused his discretion, even if it could then be done, they protesting. In this respect this case is distinguished from the case of Watts v. Holland, 56 Texas, 58.

It is true, Corwin answered with the other defendants, setting up title to the land in Nichols, thereby in effect disclaiming title in himself, but he did not disclaim in form, and for all purposes other than the title he was a party.

We do not find that there was reversible error in the ruling complained of.

Corwin was admitted to be the common source of title, and he conveyed the land in controversy to defendant Nichols by deed dated January 25, 1887, which deed plaintiffs say was made in fraud of Corwin's creditors, and was therefore void.

Plaintiffs claimed title in themselves by virtue of a judgment in their favor against defendant Dennis Corwin, rendered in Galveston County, Texas, December 8, 1884, for $1226.55, and 10 per cent interest per annum from date, upon which first execution, issued January 30, 1885, returned nulla bona, and an execution, the sixth, issued October 7, 1890, on the judgment, directed to the sheriff of Travis County, with return showing levy on the land in suit on the 13th day of October, 1890, sale of the land by the sheriff on 4th day of November, 1890, first Tuesday in the month, and sale to plaintiffs for the sum of $35, all of which documents were read in evidence.

Plaintiffs also read in evidence sheriff's deed pursuant to the sale, dated November 5, 1890, the deed purporting to convey all the estate of Corwin owned in the land on the 25th day of March, 1885.

Besides the deed of Corwin to Nichols for the land, the latter claimed the land by virtue of judgment against Corwin and execution sale to himself, which judgment was rendered by justice of the peace of Travis County, Fritz Tegener, on the 27th day of September, 1881, in favor of John A. Webb & Bro., for $73, and $10.95 collection fee, and all costs, for which execution was ordered. After such order, the judgment proceeds and concludes: "And it further appearing to the court that the title to one 3½ gear does not pass to defendant, and that the said wagon be taken and sold to satisfy the demand of plaintiff." To prove this judgment, defendants offered the justice's original docket containing it, and it was admitted by the court, over objections of plaintiff that the judgment must be shown by a certified copy.

In this there was no error. Hardin v. Blackshear, 60 Texas, 132; Houze v. Houze, 16 Texas, 598; Wallace v. Beauchamp, 15 Texas, 303.

It was also objected that the judgment foreclosed a lien on a wagon, and did not order execution on which land could be sold. The officer who levied the execution testified that the wagon could not be found.

The judgment does order execution. There was no error in admitting the judgment. Rev. Stats., art. 1340.

The execution issued under the foregoing judgment on the 17th day of October, 1881, out of the Justice Court, read in evidence by defendants, commands the sheriff, " that of the goods and chattels, lands and tenements of said Dennis Corwin, and first out of the one 3½ gear on which the plaintiff holds a lien, and to which wagon the title should not pass until fully paid for, you make the said sum of $73, and the further sum of $10.95 collection fee and $4.85 costs, together with costs of this execution," etc.

The return of the officer on the execution shows that on November 2, 1881, he levied the execution " on 1200 acres of land out of the John L. Bray survey, second class headright, abstract number 74, situated in Travis County, Texas," and after proper advertisement sold the same on legal sale day, December 6, 1881, in legal hours, at the court house door, to Albert Nichols, for the sum of $101, the highest bid, the proceeds of which were applied to the satisfaction of the execution.

Plaintiffs in error objected to the execution and return in evidence, because it directs that the wagon be first sold, which was not done.

This objection was not good, because, as we have before seen, the wagon could not be found.

It is also objected to the execution, that it was not admissible, because the return on the same " is void for uncertainty and does not describe the land sued for." The deed made by the sheriff pursuant to the sale, of date December 7, 1881, read in evidence by defendants, to Nichols, was also objected to, upon the ground that it was not supported by a valid

judgment, execution, levy, and sale.    These objections are now insisted on by plaintiffs in error by assignment of error.

The deputy sheriff, Hart, who made the levy, sale, and deed, testified: "I did not find the wagon, and I asked Mr. Corwin to point out property for a levy; and he pointed out this land, and told me to levy on it, and I levied on this land.    I could not find the wagon.    He said he was indebted to Nichols several thousand dollars, and 'I want him to have the land, and you sell it and Nichols will buy it in.'    I think he said something about the title; that Nichols had a title and it was lost, or something to that effect.    Nichols was living on the land, and Corwin said Nichols had a title to this land, but had lost it, and he wanted Nichols to take care of the old folks, and for his services at jail.    My memory is not clear about it.    I think he said he wanted it sold to strengthen Nichols' title."

There is no evidence tending to show that Corwin was insolvent at the time the levy was made.    He became insolvent in 1885, and has since been insolvent.

His testimony and that of Nichols both tend to prove that in 1879, or prior thereto, Corwin executed a deed to Nichols for one-half the 1200 acres in controversy, in consideration of Nichols' interest in another survey of 50 acres of land, which deed was destroyed by fire, in a trunk that belonged to Nichols' sister.

Corwin was sheriff of Travis County for four years, and during that time Nichols served as jailor at $45 per month, which was drawn and used by Corwin, Nichols not deriving any benefit from it.    This being the condition of their business, Corwin executed the deed to Nichols in evidence for the whole 1200 acres, of date January 25, 1887, attacked by plaintiffs for fraud.    This last named deed recites, "that heretofore, to-wit, about the year 1880, I made and executed to A. W. Nichols a good and sufficient deed of conveyance to the land hereinafter described, for and in consideration of $2000, the said deed having been burned by accident, without record.    For the above considerations, I hereby have granted," etc.; proceeding to convey the 1200 acres of land conveyed to him, the grantor, by A. M. Cox on September 27, 1873.

Though the description of the land as shown by the return of the sheriff may not ordinarily be sufficient to support a judicial sale, seeming to be an undefined part of a larger survey, we think the execution, levy, return, and deed by the sheriff were admissible, upon the issue of fraud set up by plaintiffs in the later deed of January 25, 1887, by Corwin to Nichols; and secondly, admissible upon the ground that the proceedings of sale being by consent and by direction of Corwin, the strict rule as to description of the land in judicial sales would not apply, and such being the case, the description would be good.    The evidence does not raise a suspicion of fraud when the levy and sale were made, and no one being

interested but Corwin and Nichols, the former, by directing the officer to make the levy and adopting it, waived the irregularity, it being such defect only as would defeat a forced sale.

In the case of Wilson v. Smith, 50 Texas, 369, 370, the question was one of uncertainty of description of land levied upon. The levy was upon 160 acres of land, being a part of the homestead tract of said James Bankston (defendant), exclusive of 200 acres exempt by law. It was in evidence that James Bankston pointed out the excess of his homestead tract over 200 acres, for levy, and was present at and assented to the sale. The court, on appeal, held that the levy was not so uncertain as to make it void under an ordinary execution sale, and proceed to say: " But however it might be in case of such a levy and sale, if objected to in time by the defendant in execution, in this case it was averred and proved that the levy was made on the land as pointed out by James Bankston himself, and that he was present at and assented to the sale. The purchaser, moreover, appears to have gone into peaceable possession and remained until after Bankston's death. These facts are sufficient to show a waiver by Bankston of any irregularities in the levy or sale;" evidently meaning the uncertainty of description, as that was the only irregularity in the sale. Id., 370.

In the case before us, the officer was acting by authority of a legal writ, and with the consent and direction of the owner. Corwin has ever since the sale recognized and affirmed Nichols' title to the land. In such case, the authority of the sheriff to sell does not depend solely upon a compliance with the law strictly applied, but by such authority and with the consent and direction of the owner. It is not an enforced agency without consent, but a voluntary agency agreed to by him.

We can not hold that the sale to Nichols was void because of defects in the description of the land levied upon, or for other causes set up.

There was ample testimony, though some to the contrary, to support the finding of the court that the subsequent deed executed by Corwin to Nichols was made in good faith, and upon a good and valuable consideration; and such conveyance would cure any defects in the sale under execution. 20 Texas, 706.

We do not find any merit in the assignment, that plaintiffs acquired a judgment lien upon the land before Corwin conveyed the land to Nichols by the deed of January 25, 1887.

Plaintiffs in error contend that their abstract of judgment was recorded and indexed in Travis County on March 25, 1885.

The copy of the abstract of the judgment referred to is as follows:

" State of Texas, Galveston County.—In District Court, December Term, 1884. P. J. Willis & Bro. v. Dennis Corwin. 12,139. Date of judgment, December 8, 1884.

```
" Amount of judgment.................................. $1226 55
  Amount of costs ...................................     12 20
  Amount of credits .................................     none
  Amount due  .......................................   1226 55
                                                          12 20
                                                        ─────────
                                                        $1238 75 "
```

This abstract was certified as correct by the clerk of the District Court of Galveston County on the 19th day of March, 1885.

There are endorsements and statements on the copy as follows: "Filed March 21, 1885, at 12 o'clock, a. m.   Recorded March 25, 1885, at 10 o'clock a. m."   And indexed on the reverse side of said index as follows: "Corwin, Dennis, 445;" and indexed on the direct side of said index as follows:  "No. 12,139, Willis & Bro. v. D. Corwin, 445."

Then follows the certificate of the county clerk of Travis County, that the foregoing is a "true and correct copy of its original, and the indexes thereof, as the same appears on said indexes and the judgment record of said county, book L, page 445;" which certificate is made April 20, 1891.

The statute requires, that the index to judgment abstracts recorded "shall show the name of each plaintiff and of each defendant in the judgment;" and then when the judgment has been recorded and indexed as provided by statute, it shall, from the date of such record and index, "operate as a lien upon all the real estate of the defendant situated in the country," etc.   Rev. Stats., arts. 3158, 3159.

This statute must be strictly complied with to create the lien provided for.   It has been held that the firm name alone of a party to the judgment in the index is not a compliance with the statute.   Gullett Gin Co. v. Oliver & Griggs, 78 Texas, 182.

No lien was created by the foregoing record and index.

The same abstract was refiled and indexed in the records of Travis County, June 28, 1887, after Corwin's deed to Nichols was executed and recorded.   The names of each member of the firm had been added in the style of the case, and an index made to correspond, giving the names of the individual members of the plaintiffs' firm.

If this last record and index could create a lien, it did not affect the right of Nichols under his deed previously executed and recorded.

The last contention of plaintiffs is, that "the court erred in rendering judgment for defendant Nichols on his cross-action against the plaintiffs to remove cloud from title, because there was no pleading to justify such judgment against plaintiffs, for the pleadings of the defendants nowhere allege ownership of the land sued for in defendant A. W. Nichols, and do not describe any land, and contain no data upon which to base said judgment on cross-action."

It will be borne in mind that plaintiffs set up their title by virtue of their levy and sale under execution, and attacked the deed of Corwin (from whom both parties claimed) to Nichols as made in fraud of creditors, and that it was without consideration, praying for cancellation of the same. Defendants denied these averments; set up that the land was not the property of Corwin at the time of the levy and sale to plaintiffs; that it was not subject to his, Corwin's, debt to plaintiffs; that the deed of plaintiffs, its record, and assertion of title thereunder, was a cloud upon defendants' title, and disquiets and disturbs them in their possession and enjoyment of the premises; on account of which they prayed that plaintiffs' deed and sale be cancelled, and that the "said land be decreed not subject to the debt of plaintiffs," and that defendants go hence, etc.

The court adjudged the land to Nichols, cancelled the sheriff's deed to plaintiffs, and removed cloud from Nichols' title created thereby.

Taking the pleadings of both parties together, and the issues made by them, we are of opinion that they warranted the judgment of the court and the relief granted.

We find no error in the judgment, and it is affirmed.

*Affirmed.*